**In the Matter of BORO RECYCLING, INC., formerly known as Boro Recycling Center, Inc., Debtor.**

**Bankruptcy No. 186–60470.**

United States Bankruptcy Court, E.D. New York.

March 17, 1986.

Booth, Marcus & Pierce, New York City, for debtor.

Manning, Raab, Dealy & Sturm, New York City, for petitioner.

**DECISION AND OPINION ON APPLICATION FOR ORDER OF RETENTION**

MARVIN A. HOLLAND, Bankruptcy Judge:

The debtor submits an application to retain two firms of attorneys: the firm of Booth, Marcus & Pierce and also the firm of Manning, Raab, Dealy & Sturm. The Booth firm, experienced in insolvency matters, is sought to be retained as insolvency counsel, and the Manning firm is sought to

be retained as special corporate counsel under a general retainer.

The application states that the professional services which the Booth firm will render are as follows:

(a) To give Applicant legal advice with respect to its powers and duties in the continued operation of its business and management of its property as a debtor-in-possession;

(b) To represent Applicant in negotiations with various secured and unsecured creditors and to represent it in any proceeding in connection this case;

(c) To assist Applicant in analyzing any outstanding litigations, executory contracts and arbitration proceedings;

(d) To prepare necessary petitions, answers, orders, reports and other legal papers in the Chapter 11 proceeding;

(e) To perform all other legal services for Applicant which may be necessary in this proceeding, including negotiating and confirming a plan of reorganization; and

(f) To perform other legal services for Applicant which may be necessary in the ordinary course of its business.

The application does not specifically set forth those services which the Manning firm is to render and merely states "Manning, Raab, Dealy & Sturm is particularly able to perform the necessary corporate services because of its extensive experience and expertise in such matters and its prior representation of applicant in connection with such matters, as well as actively defending and prosecuting several law suits on behalf of applicant." The application further states "Applicant desires to retain Booth, Marcus & Pierce as general bankruptcy counsel and Manning, Raab, Dealy & Sturm as special corporate counsel under a general retainer because of the extensive legal services that may be required and the fact that the nature and extent of such necessary services is not known at this time."

Accompanying the applications are affidavits of Peter D. Wolfson, a Member of the Firm of Booth, Marcus and Pierce, and an affidavit of William J. Dealy, a Member of the Firm of Manning, Raab, Dealy & Sturm. The affidavit of Mr. Dealy contains the following statement: "Neither I nor my firm nor any member or associate thereof have any interest adverse to the Debtor, in the matters upon which it is to be engaged, and I know of no reason why my firm cannot act as special corporate counsel to the Debtor. Heretofore, my firm has been retained as regular corporate counsel to the Debtor, and Manning, Raab, Dealy & Sturm, as a result of having performed such services, *is a creditor of the Debtor* for fees which have heretofore not been paid." (Emphasis supplied.)

The statement, pursuant to Rule 2016(b), filed by the Manning firm, indicates that prior to the filing they had been paid the sum of $10,000.00 by the debtor for legal services rendered, or to be rendered, in contemplation of, and in connection with, this case.

11 U.S.C. § 327(a) provides as follows:
"Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, *and that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title." [Emphasis supplied].

The term "disinterested person" is defined in Section 101(13) as follows: "Disinterested person means person that—(A) is not a creditor, ..."

*Collier on Bankruptcy,* ¶ 327.03 at p. 327–15 states:
"It is presumed by the statute that a person who is such a creditor ... is incapable of the impartial judgment required of a professional in the conduct of a case under the Code."

This court is unhappy in having to deny the debtor in this case the expertise and experience of the firm of Manning, Raab, Dealy and Sturm, which the court believes

the debtor needs and which the court believes that the Manning firm is eminently capable of rendering.

However, in view of its admitted status as a creditor, I do not see any way that this firm can be retained generally without violating the precise wording of the statute set forth above.

Accordingly, so much of the proposed Order as seeks to authorize the general retention of the Manning firm will be stricken before the Order authorizing the retention of the Booth firm is signed. Pursuant to Section 329(b), the Manning firm is hereby directed forthwith to return to the debtor the $10,000.00 retainer paid by the debtor to it in contemplation of services to be rendered herein.