**In re OATKA RESTAURANT AND LOUNGE, INC., Debtor.**

**Bankruptcy No. 87–20181.**

United States Bankruptcy Court,
W.D. New York.

April 27, 1987.

Chamberlain, D'Amanda, Oppenheimer & Greenfield by Brian F. Curran, Rochester, N.Y., for debtor.

Fix, Spindelman, Turk, Himelein & Shukoff by Igor Shukoff, Rochester, N.Y., appeared in opposition to motion.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an application by the Chapter 11 debtor, Oatka Restaurant and Lounge, Inc., for authorization to employ counsel pursuant to 11 U.S.C. § 327. The debtor has already deposited $2,500.00 with the law firm of Chamberlain, D'Amanda, Oppenheimer & Greenfield as a retainer. A Motion to employ the firm was on for a hearing March 9, 1987. At the hearing, opposition to the employment was raised by a creditor on the ground that the retention of the Chamberlain firm as counsel for the debtor would create an actual conflict of interest. The Court reserved decision on the matter, exhorting the Chamberlain firm to withdraw its application and defuse the conflict. Instead, the Chamberlain firm has submitted an affidavit stating that no actual conflict exists.

The facts of the case, as they have been vaguely outlined for the Court, are these. At some time prior to the bankruptcy filing, a State Court action was commenced against the debtor, pursuant to the New York Dram Shop Act, N.Y.Gen.Oblig.Law § 11–101 (Consol.1977). The lawsuit alleges that the debtor served alcoholic beverages to an intoxicated person who, as a result of his further intoxication, caused the death of Margaret Zona. The plaintiff in the lawsuit, the estate of Margaret Zona, is a creditor in the bankruptcy case and has objected to the employment of the Chamberlain firm. The debtor, as defendant in the lawsuit, impleaded and named as a third-party defendant the estate of Thomas Zona, husband of Margaret Zona. The debtor, as third-party plaintiff, theorizes that Thomas Zona's intoxication was the supervening cause of the plaintiff's death and that if the debtor is found liable in damages to the plaintiff, then the third-party defendant should be found liable to the debtor in an action over for contribution or indemnification. The third-party defendant is being represented against the debtor by the Chamberlain firm who now seek to represent the debtor in bankruptcy. The only question presented is whether such

dual representation constitutes an actual conflict of interest.

Section 327(c) states, in part, that

a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor ..., in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c).

The legislative history regarding 11 U.S.C. § 327(c) is unmistakably clear. It states that,

Section 327(c) represents a compromise between H.R. 8200 as passed by the House and the Senate amendment. The provision states that former representation of a creditor, whether secured or unsecured, will not automatically disqualify a person from being employed by a trustee, but if such person is employed by the trustee, the person may no longer represent the creditor in connection with the case.

124 Cong.Rec. H 11091 (Sept. 28, 1978). The legislative history suggests a total intolerance of law firms that would represent a debtor and a creditor in the same bankruptcy case. The Second Circuit has permitted dual representation, but only where it does not create an "actual conflict." 11 U.S.C. § 327(c); *In re Martin-Trigona,* 760 F.2d 1334, 1343–44 (2nd Cir.1985).

*Martin-Trigona* is distinguishable from this case. There, the debtor objected to the appointment of an attorney for the trustee. The attorney whose appointment was opposed represented a creditor in a State Court proceeding to which the debtor was not a party. Accordingly, the State Court action did not pit debtor against creditor and no "actual conflict" existed. Here, although the Chamberlain firm does not represent a creditor in the State Court proceeding, an actual conflict does exist.

The Chamberlain firm represents an interest adverse to the debtor in multiparty personal injury litigation involving one of the bankruptcy estate's largest potential creditors. The State Court action will have direct impact on the bankruptcy proceeding because the debtor's liability on a sizable unliquidated prepetition claim will be determined in that forum. In representing the third-party defendant, the Chamberlain firm will be charged with shielding its client from liability. In order to do so, it must show that full responsibility for the plaintiff's damages lies with the debtor. If successful in deflecting blame from its client, the Chamberlain firm will reduce the amount which the debtor could obtain as contribution or indemnity on its third-party claim. In failing to recover on its third-party claim, the debtor's ability to pay creditors will be reduced.

The existence of an "actual conflict" of interest in this case is plain. The Chamberlain firm seeks to earn a fee from the debtor while endeavoring to deprive the bankruptcy estate of a valuable recovery. Accordingly, the application to employ the Chamberlain firm must be denied. The firm is further instructed to return to the debtor the $2,500.00 retainer it has been paid, and it is so ordered.