In re **TIFFANY SQUARE ASSOCIATES, LTD.,**
Debtor.

**Bankruptcy No. A88–02523–MHM.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 31, 1988.

**338**

Stephen C. Greenberg, Joseph Scott Jacobson, Holt, Ney, Zatcoff & Wasserman, Atlanta, Ga., for debtor.

Elizabeth Stuhldreher, U.S. Trustee's Office, Atlanta, Ga.

### ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS WITH NOTICE THEREOF

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter comes before the Court on the amended application of Debtor, Tiffany Square Associates, Ltd., for approval of employment of the law firm of Holt, Ney, Zatcoff & Wasserman (hereinafter sometimes referred to as "Proposed Counsel") to represent it as Debtor in Possession herein. Proposed Counsel filed an application for approval of employment April 15, 1988. An order approving the employment was entered May 4, 1988. On May 11, 1988, Proposed Counsel filed their Bankruptcy Rule 2016 Disclosure of Compensation. Proposed Counsel amended their prior application and affidavit June 16, 1988 (hereinafter the "Application"). Pursuant to the Court's Order entered July 12, 1988, which set the Application for hearing and gave notice thereof to all parties in interest, hearing was held August 2, 1988. The Court heard the testimony of an officer of Debtor's general partner, argument by Proposed Counsel in support of the Application, and argument by counsel for the United States Trustee.

### FINDINGS OF FACT

Initially, Debtor was represented by Morris, Manning and Martin (hereinafter "Prior Counsel"). Prior Counsel withdrew as Debtor's attorneys prior to appointment and without filing a Bankruptcy Rule 2016 Disclosure of Compensation. Although Prior Counsel had appeared in the case, no motion to withdraw pursuant to LR110–5 NDGa, incorporated in BLR 705–1 NDGa., was presented. Proposed Counsel's Application alleges Prior Counsel withdrew as a result of a conflict of interest.

The Application of Proposed Counsel, which is accompanied by a verified statement of the attorney, a partner of Proposed Counsel having primary responsibility for managing the case, sets forth the law firm's connections with the Debtor, with its creditors, and with any other party in interest, their respective attorneys and accountants. Proposed Counsel has in the past represented, currently represents and expects, from time to time in the future, to represent Southmark Corporation (hereinafter "Southmark") with regard to matters unrelated to the matters upon which Proposed Counsel seeks to be engaged for Debtor. Southmark wholly owns San Jacinto Financial Services, Inc. (hereinafter "San Jac"). San Jac, in turn:

a. is a general partner of Debtor;

b. owns KTL Investment Corporation, the other general partner of Debtor; and

c. holds a controlling ownership interest in Johnstown American Companies (hereinafter "Johnstown"). Johnstown:

(1) is the major unsecured creditor of Debtor holding a claim scheduled in the amount of $739,575.00 for prepetition advances to and payments on behalf of Debtor; and

(2) wholly owns Johnstown Properties, Inc., which owns The Lane Company (hereinafter "Lane"). Lane is the management company for Debtor's property, an apartment complex known as Tiffany Square Apartments located in Seminole County, Florida.

As an unsecured creditor of Debtor, Johnstown is represented in this case by the Atlanta law firm of King & Spalding, attorneys who, having made one appearance in the case, appear to be separate from and independent of Proposed Counsel for Debtor.

Debtor has agreed to compensate Proposed Counsel for services rendered in connection with this case at its customary hourly billing rates for its attorneys, legal assistants and law clerks, and to reimburse Proposed Counsel for its expenses incurred in connection with this case, as such fees and expenses may be allowed and authorized by the Court to be paid to Proposed Counsel upon periodic interim and final application.

Southmark has agreed:

(a) to advance to Proposed Counsel as compensation for services rendered in connection with this case, fees at its customary hourly billing rates for its attorneys, legal assistants and law clerks, and

(b) to advance to Proposed Counsel reimbursement of its expenses incurred in connection with this case, on the condition that

    (i) Proposed Counsel make periodic application to the Court for interim and final compensation and reimbursement of expenses from Debtor, and

    (ii) Proposed Counsel reimburse Southmark for such fees and expenses as may be allowed and authorized by the Court to be paid to them by Debtor.

### CONCLUSIONS OF LAW

The Application complies with the provisions of Bankruptcy Rule 2014, which governs application for employment of attorneys. To obtain Court approval of the employment of attorneys by a debtor in possession, 11 U.S.C. § 327(a) requires that the attorneys not hold or represent an interest adverse to the estate, and that the attorneys be disinterested persons as defined by 11 U.S.C. § 101(13).

The Application discloses an ongoing lawyer-client relationship between Proposed Counsel and Southmark on matters unrelated to this Chapter 11 case. The existence of this relationship has been considered by the Court in determining whether to approve the Application, because:

(a) Southmark, through San Jac, a wholly-owned subsidiary, has ownership interests in

    (i) Debtor's general partner, KTL Investment Corporation;

    (ii) the major unsecured creditor of Debtor, Johnstown; and

    (iii) the management company for Debtor's property, Lane; and

(b) Southmark has agreed to advance compensation to Proposed Counsel for services rendered in this case, conditioned upon Debtor's subsequent application to the court for allowance and payment of such compensation from the estate.

A potential danger exists that Southmark will influence the legal judgment of Proposed Counsel by virtue of the apparently substantial fees which have been, are being and will be paid to Proposed Counsel in connection with its ongoing representation of Southmark. Additionally, a potential danger exists that Proposed Counsel, owing to their relationship with Southmark, will fail to concentrate objectively on reorganization for the benefit of all creditors, the Debtor and the estate in favor of concentrating on the interests of Southmark and its affiliates. If said potential dangers should mature into actual conflicts, Proposed Counsel would be subject to denial of all compensation if, "at any time during such professional person's employment . . ., such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate. . . ." 11 U.S.C. § 328(c).

Accordingly, the representation relationship between Proposed Counsel and Southmark warrants scrutiny with regard to approval of the Application. So far, it appears that no conflict or adverse interest has surfaced: no objection has been filed by any creditor or other party in interest to employment of Proposed Counsel and no evidence has been presented as to any present actual conflict of interest between Proposed Counsel and Debtor in Possession or as to the use of Southmark's influence to the detriment of the interests of the Debtor, its non-Southmark-affiliated creditors or other parties in interest.

Accordingly, the Court finds that as of the deadline for objections to their employment, August 1, 1988, Proposed Counsel did not then exhibit or appear to represent an interest adverse to the estate. Until such a conflict arises, irrespective of

**340**

whether it is known to creditors at the time, Proposed Counsel will be treated as, but shall not be deemed to be, disinterested under 11 U.S.C. § 327. Such determination should be made at the final hearing on fees. Therefore, it is hereby

ORDERED that the employment by Debtor, Tiffany Square Associates, Ltd., of the law firm of Holt, Ney, Zatcoff & Wasserman to represent Debtor as Debtor in Possession in this case on the terms hereinabove set forth is conditionally approved. This Order is conditioned upon the express reservation by the Court that the United States Trustee, any creditor or any holder of an interest in the Debtor, the Debtor's property, or the estate may object to such employment and/or compensation at any time during the pendency of this case if and to the extent any actual conflict of interest between Holt, Ney, Zatcoff & Wasserman and the estate may arise or appear.

NOTICE IS HEREBY GIVEN that any limited partner of Debtor who objects to the conditional employment of Holt, Ney, Zatcoff & Wasserman or any term of this Order shall, within thirty (30) days of the date of entry of this Order, file a written objection setting forth the specific grounds therefor with the

    Clerk, United States Bankruptcy Court
    Richard B. Russell Building
    1340 United States Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia 30334

and shall serve a copy of any said objection upon Debtor's attorney,

    c/o Stephen C. Greenberg, Esq.
    Holt, Ney, Zatcoff & Wasserman
    100 Galleria Parkway, Suite 600
    Atlanta, Georgia 30339

Upon the filing of any objection, the Court shall set a hearing upon notice to Debtor, all creditors, all limited partners and parties in interest, to consider such objection.

Debtor is hereby DIRECTED to serve this Order and Notice upon each of its limited partners and upon the United States Trustee within three (3) business days after the date of entry of this Order. Debtor is further DIRECTED to file with the Clerk within three (3) business days after service a certificate showing that this Order and Notice has been duly served. It is further

ORDERED that within 10 business days of the date this order is entered Debtor shall file a status report concerning whether Debtor's former attorneys, Morris, Manning and Martin (hereinafter "Prior Counsel"), performed any services for Debtor in connection with the above-styled bankruptcy case; if so, whether Debtor has been billed by Prior Counsel for those services; if so, whether Prior Counsel has received any payment for those services; and, if so, identification of the amount, the date and the payor of such payment.

IT IS SO ORDERED.