In re Joseph T. KOLINSKY, Debtor.

G.B.G., INC. and Jay E. Russ, Plaintiffs,

v.

Joseph T. KOLINSKY and Conjo Realty Corp., Defendants.

Bankruptcy No. 86 B 20217.
No. 92 ADV. 5020.

United States Bankruptcy Court,
S.D. New York.

April 7, 1992.

STROOCK & STROOCK & LAVAN, New York City, for plaintiffs.

Lawrence Reich, White Plains, N.Y., for Joseph T. Kolinsky.

Rosen, Einbinder & Dunn, P.C., New York City, for Conjo Realty Corp.

## DECISION ON MOTION TO DISQUALIFY ROSEN, EINBINDER & DUNN, P.C. AND FOR SANCTIONS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

G.B.G., Inc. ("G.B.G.") and Jay Russ ("Russ") have moved to disqualify the law firm Rosen, Einbinder & Dunn, P.C. ("Rosen, Einbinder & Dunn") from representing Conjo Corp. ("Conjo"), a defendant in an adversary proceeding commenced by G.B.G. to compel specific performance of a contract for the purchase and sale of real property owned by Conjo. G.B.G. is the potential purchaser of the real estate and Russ is the broker who brought together G.B.G. and Conjo, the seller. Joseph Kolin-sky ("Kolinsky"), the debtor in this chapter 11 case is the sole shareholder of Conjo which is a nondebtor.

G.B.G. and Russ seek to disqualify Rosen, Einbinder and Dunn on the ground that Richard L. Rosen ("Rosen"), a partner in the firm, has a stake in the outcome of the pending litigation in violation of Disciplinary Rule of Professional Conduct 5–101, 103 and 105 as well as Model Rule of Professional Conduct 1.7(b). Rosen is a shareholder in 7 West 37th Street Realty Corp. ("7 West"), a corporation which has agreed to purchase G.B.G.'s rights in the Conjo property. In addition, Rosen has personally guaranteed 7 West's contractual obligations to G.B.G. for up to $1.1 million. 7 West is currently seeking to rescind the contract with G.B.G. in an action pending in the New York State Supreme Court. If G.B.G. prevails in the state court action, Rosen will be personally liable to G.B.G. on his guaranty. The plaintiffs argue that Rosen will personally benefit if Conjo does not convey title to the subject property to G.B.G. because, in such an event, 7 West will not be obliged to carry out its agreement with G.B.G. Therefore, Rosen will be excused from paying G.B.G. $1.1 million in accordance with his personal guaranty.

Conjo opposes the plaintiffs' motion to disqualify Rosen's firm as its counsel. Conjo argues that representation by Rosen's firm does not present an ethical violation under applicable statutes because Rosen's interest has been disclosed to all parties and Kolinsky, the debtor and sole shareholder of Conjo, has consented to representation by Rosen's firm. Conjo seeks sanctions and costs alleging that the motion to disqualify is frivolous.

## FACTUAL BACKGROUND

On May 8, 1986, Kolinsky filed with this court a petition for reorganizational relief under Chapter 11 of the United States Bankruptcy Code and continued to operate his business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. Kolinsky is the sole shareholder of Conjo, a New York corporation. Conjo's

primary asset is a parcel of approximately three and a half acres of real estate with buildings and improvements located on waterfront property on City Island, Bronx, New York.

G.B.G. is a New York corporation which was formed to purchase Conjo's real property. G.B.G.'s sole shareholders are Joseph P. Galgiano, Alexander M. Goren, and James Goren. Russ is an officer and director of G.B.G. who acted as a broker, procuring G.B.G. as a purchaser of the Conjo property. On April 7, 1987, Conjo and G.B.G. entered into a contract for the sale and purchase of Conjo's property for $1.7 million. Kolinsky, as sole shareholder of Conjo, signed the contract indicating his approval and acceptance of the contract. Pursuant to the contract, Conjo agreed to pay Russ a commission of $200,000.00 for procuring G.B.G. as the buyer.

On December 8, 1988, G.B.G. assigned the Conjo contract to 7 West, an entity controlled by Marvin Meltzer ("Meltzer") and Rosen. Essentially, Rosen and Meltzer agreed to buy the Conjo property from G.B.G. after G.B.G. obtained title for $5.5 million. The contract required 7 West to pay $275,000.00 in cash upon signing the contract and to make semi-annual payments of $68,750.00 to G.B.G. for two years. In addition, at the closing, 7 West was required to tender $550,000.00 in cash and a mortgage for $4.4 million. Rosen personally guaranteed $1.1 million of the purchase price. Thus, Rosen is personally liable for $1.1 million for any default on the part of 7 West in its contract with G.B.G.

Pursuant to the contract, 7 West paid the initial $275,000.00 to G.B.G. Thereafter, 7 West and Rosen and Meltzer, individually, sought to rescind its contract with G.B.G. in New York State Supreme Court. Rosen's firm, Rosen, Einbinder & Dunn, represents the plaintiffs in the state court action. The plaintiffs' action for rescission of the contract is based upon six claims. Four of these claims have already been dismissed on appeal. G.B.G. has moved for summary judgment in state court on the remaining two causes of action. Rosen's action in state court will be strengthened if G.B.G. does not obtain title to the subject property from Conjo. Moreover, if Conjo does not transfer the City Island property to G.B.G., Rosen will have a defense to his personal obligation on the real property contract to G.B.G.

Kolinsky and Conjo attempted to rescind the contract of sale for Conjo's property for various reasons in an adversary proceeding brought before this court in February of 1990. Following the trial, the court dismissed the complaint on the merits in a written decision. *In re Kolinsky*, 110 B.R. 128 (Bankr.S.D.N.Y.1990). The agreement between G.B.G. and Conjo has not yet been consummated. Indeed, G.B.G. and Russ have filed an adversary proceeding compelling Kolinsky and Conjo to perform the contract. Conjo is represented by Rosen's firm in this action.

G.B.G. and Russ have moved in this court to disqualify Rosen, Einbinder & Dunn from representing Conjo in the pending adversary proceeding to compel specific performance for the reason that Rosen, a partner in the firm, has a substantial stake in the outcome of the litigation. If Conjo does not convey title to G.B.G., 7 West will be excused from its contractual obligation to purchase the property from G.B.G. and Rosen will not be liable on his personal guaranty to G.B.G. Therefore, Rosen will personally benefit if Conjo prevails in the action brought by G.B.G. and Russ to compel specific performance of the sales agreement.

G.B.G. and Russ argue that Rosen's personal interest in the outcome of the litigation violates Model Rule of Professional Conduct 1.7(b) and Disciplinary Rule 5–101, 103 and 105 and warrants disqualification. These ethical rules essentially prevent an attorney from representing a client in cases where the attorney has a personal interest in the subject matter of the litigation. Conjo argues that Rosen's representation does not violate applicable ethical rules. Rather, Conjo asserts that Rosen's firm should not be disqualified from representing Conjo because the ethical rules provide an exception if the attorney's interest has been disclosed and the client consents.

Here, Rosen's stake has been disclosed and Kolinsky, the debtor and sole shareholder of Conjo, has acquiesced to Rosen's role in the case. Conjo charges that the motion to disqualify Rosen's firm is frivolous and completely without merit for which Conjo requests sanctions and costs.

## DISCUSSION

Much has been written by the courts on the subject of conflicts of interest by attorneys for the debtor. *E.g., In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985), *aff'd in part and rev'd in part*, 75 B.R. 402 (D.Utah 1987) (en banc); *In re 437 Park Corp.*, 54 B.R. 326 (Bankr.S.D.N.Y.1985); *In re O.P.M. Leasing Services, Inc.*, 16 B.R. 932 (Bankr.S.D.N.Y.1982). This subject has also been the focus of scholarly comment in law review articles. *Eg.*, Kelbon, Herman & Bell, *Conflicts, The Appointment of Professionals and Fiduciary Duties of Major Parties in Chapter 11*, 8 Bankr.Dev.L.J. 349 (1991); Ayer, *How To Think About Bankruptcy Ethics*, 60 Am.Bankr.L.J. 355 (1986). Nevertheless, the countless factual variations continue to produce problems that plague the courts.

■■■ It has generally been held that debtor's counsel may not also be a creditor. *Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356 (8th Cir.1987); *In re Boro Recycling, Inc.*, 67 B.R. 3 (Bankr. E.D.N.Y.1986). Similarly, a debtor's counsel may not simultaneously represent a creditor. *Hunter Savings Assoc. v. Baggott Law Offices Co., L.P.A. (In re Georgetown of Kettering, Ltd.)*, 750 F.2d 536 (6th Cir.1984); *In re Ochoa*, 74 B.R. 191 (Bankr. N.D.N.Y.1987); *In re Oatka Restaurant & Lounge, Inc.*, 73 B.R. 84 (Bankr.W.D.N.Y. 1987). Moreover, it has been held that an attorney may not represent a debtor when one of the firm's attorney's was an officer of the debtor. *In re GHR Energy Corp.*, 60 B.R. 52 (Bankr.S.D.Tex.1985). Similarly, a law firm was disqualified from representing a debtor because its members owned four percent of the debtor's equity. *In re Intech Capital Corp.*, 87 B.R. 232 (Bankr.D.Conn.1988); *Accord In re Anver Corp.*, 44 B.R. 615 (Bankr.D.Mass.1984)

(law firm disqualified because its members owned one percent of the debtor's equity). However, it was found that there was no conflict of interest where members of the law firm representing the debtor also represented a corporation whose wholly-owned subsidiary held a controlling interest in the debtor's largest unsecured creditor. *In re Tiffany Square Assoc., Ltd.*, 103 B.R. 337 (Bankr.N.D.Ga.1988).

In the instant case, the issue presented is not whether the debtor's counsel should be disqualified from participating in this case. Indeed, the objection asserted by the plaintiffs in this adversary proceeding is not addressed to the status of the debtor's counsel at all. G.B.G. and Russ are plaintiffs in this adversary proceeding for specific performance to compel Kolinsky, the debtor, and his wholly-owned nondebtor corporation, Conjo, to perform a contract to sell certain real estate on City Island, New York to the plaintiff's assignee. Kolinsky's and Conjo's earlier effort to rescind the contract, on grounds of fraudulent inducement and failure to use "best efforts" to obtain rezoning, was denied by this court. *In re Kolinsky*, 110 B.R. 128 (Bankr.S.D.N.Y.1990). G.B.G., the plaintiff and purchaser of the real estate from Conjo, assigned its purchase right to 7 West, an entity controlled by Rosen and Meltzer. Rosen later decided that he did not want to proceed with the assignment from plaintiff G.B.G. to 7 West. Accordingly, Rosen commenced a lawsuit against G.B.G. in the New York State Supreme Court, New York County, to avoid the assignment of the sales contract from G.B.G. to 7 West. Thus, Rosen's law firm represents nondebtor defendant Conjo in opposition to G.B.G.'s adversary proceeding for specific performance in this court, and also holds an equity interest in 7 West and represents 7 West in the state court action to void G.B.G.'s resale of the real estate contract to 7 West.

Plaintiff G.B.G. contends that Rosen has a personal stake in the outcome of the litigation in this court because if Conjo is not required to consummate its sale of the City Island real estate to G.B.G., the latter

will be in no position to compel 7 West and Rosen to proceed with the assignment of the sales contract which is the subject of the state court action. Accordingly, G.B.G. seeks to disqualify Rosen's law firm from acting as attorneys for nondebtor defendant Conjo in opposition to G.B.G.'s adversary proceeding in this court because Rosen's motive to resist G.B.G.'s action in this court will benefit his personal position and interest in his state court action against G.B.G., which involves the same real estate as this proceeding.

■ Because this court was not required to approve nondebtor Conjo's retention and will not pass upon any applications for allowances on behalf of Rosen's law firm for professional services on behalf of Conjo, it follows that the limitations imposed under 11 U.S.C. § 327 for the retention of professional persons by a trustee or debtor in possession are not applicable to the conflict of interest issue asserted here by G.B.G. This point is significant because the standards for ethical conduct under the Bankruptcy Code are stricter than the Model Rules of Professional Conduct or the Disciplinary Rules of the Code of Professional Conduct. Under the latter codes, an attorney who represents one client whose interests are adverse to those of another client may continue such representation if each client consents. *See* Model Rule of Professional Conduct Rule 1.7(b); N.Y. Code of Professional Conduct DR 5–101(A) (McKinney 1992)[1].

■ In the instant case, the debtor, Kolinsky, and his corporation, Conjo, with full knowledge of Rosen's interest in 7 West and his opposition to the real estate sale by G.B.G. to 7 West, expressly consented to his firm's representation of Conjo in opposition to G.B.G.'s action for specific performance. Hence, Rosen's position is consistent in this court and in the state court; he opposes G.B.G.'s litigation in both cases. His personal interest in the assignee, 7 West, in the state court action is an additional incentive to further the interests of his firm's client, Conjo, in this case. Hence, there is no conflict of interest. In any event, both clients, Conjo and 7 West, have knowingly consented to being represented by Rosen's firm and have concluded that they will not be adversely affected by such representation.

The subject matter of the litigation in this court is the real estate owned by Conjo on City Island. The same real estate is the subject matter of the litigation between 7 West and G.B.G. G.B.G. sold the real estate to 7 West and obtained Rosen's personal guaranty to secure the performance by 7 West under the contract of sale. Having chosen to deal with Rosen's corporation and after obtaining his personal guaranty, it ill behooves G.B.G. from now attempting to disqualify him as an attorney because of his personal interest in the subject matter. Moreover, the knowing consent by Conjo and 7 West to Rosen's law firm's representation in this case fatally impairs the vitality of G.B.G.'s objection.

■ It should be noted that motions to disqualify opposing counsel must be viewed in the context of favoring a party's right to be represented by counsel of its own choice, as opposed to disqualification as a strategic weapon. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 792 (2d Cir.1983) (disqualification motions are often imposed for tactical reasons); *Bd. of Educ. of New*

---

1. Model Rule of Professional Conduct 1.7(b) provides as follows:

   A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
   (1) the lawyer reasonably believes the representation will not be adversely affected; and
   (2) the client consents after full disclosure and consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and advantages and risks involved.
   Model Rule of Professional Conduct Rule 1.7(b).
   Disciplinary Rule 5–101(A) states:
   Except with the consent of the client after full disclosure, a lawyer shall not accept employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property or personal interests.
   N.Y. Code of Professional Conduct DR 5–101(A) (McKinney 1992).

*York City v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979) (disqualification has an immediate adverse effect on the client by separating him from counsel of his choice and are often interposed for tactical reasons); *Vegetable Kingdom v. Katzen,* 653 F.Supp. 917, 920–21 (N.D.N.Y.1987) (motions to disqualify opposing counsel should be approached with "cautious scrutiny" and a party making such a motion bears a "heavy burden").

■ G.B.G. and Russ have failed to sustain their burden of establishing that the Rosen firm should be disqualified for reasons of conflict of interest or ethical impropriety. However, the motion was not so lacking in color as to be frivolous and sanctionable.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. G.B.G.'s motion to disqualify Rosen, Einbinder & Dunn, P.C. from acting as attorneys for nondebtor defendant Conjo because Richard L. Rosen, a member of the firm, commenced an action in state court on behalf of himself and his corporation 7 West against G.B.G., is denied, without sanctions or costs.

3. Rosen's position in both cases is consistent with the wishes of both clients, and with their knowing consent.

SETTLE order on notice.